IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CORLEY E. THOMPSON, et al.,

        Plaintiffs,

v.                                       CIVIL ACTION NO.   2:12-cv-01798

A.O. SMITH CORPORATION, et al.,

        Defendants;

and

PATRICIA D. LITTLE, et al.,

        Plaintiffs,

v.                                       CIVIL ACTION NO.   2:12-cv-01800

A.O. SMITH CORPORATION, et al.,

        Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

Plaintiffs Corley E. and Ellen Thompson filed a complaint in the Circuit Court of Kanawha County, West Virginia, on May 18, 2012, alleging multiple theories of negligence, strict liability, breach of warranty, and related claims resulting in asbestos-related injuries to Mr. Thompson. (Docket 1-1 in case 2:12-cv-01798.)  Plaintiffs Patricia D. and Kenneth P. Little (together with Mr. and Ms. Thompson, referred to as "Plaintiffs") filed a complaint in the Circuit Court of Kanawha County, West Virginia, on May 11, 2012, alleging similar theories of recovery for asbestos-related injuries suffered by Ms. Little.  (Docket 1-2 in case 2:12-cv-01800.)  Plaintiffs

named approximately 150 corporate defendants in their respective complaints. One defendant, Carrier Corporation, removed both cases to this Court on May 31, 2012, on the basis of diversity of citizenship. (Docket 1 in both cases.) On June 12, 2012, Plaintiffs filed a document titled "Unopposed Motion to Remand," in which they argue for remand to state court based on the forum defendant rule. (Docket 3 in both cases.) Defendant Carrier Corporation filed a response in support of the remand motion on June 15, 2012. (Docket 8 in case 2:12-cv-01798; Docket 7 in case 2:12-cv-01800.)

Removal to federal court is appropriate only if the federal court would possess original jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case falls within the federal court's subject matter jurisdiction if there exists complete diversity among the plaintiffs and each defendant and the amount in controversy exceeds $75,000. *See Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998). Even when complete diversity exists, under the "forum defendant rule," a case may not be removed from state court if any defendant "properly joined and served . . . is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2); *see also Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 377 (N.D. W. Va. 2011) ("This statute [28 U.S.C. § 1441(b)], more commonly known as the forum defendant rule, is 'separate and apart from the statute conferring diversity jurisdiction . . . [and] confines removal on the basis of diversity to instances where no defendant is a citizen of the forum state.'") (citation omitted).

Plaintiffs are citizens of Florida; Defendant Carrier Corporation has its principal place of business in Connecticut. (Docket 3 at 2-3.) The parties now agree that at least five Defendants are corporations with principal places of business in West Virginia. (*Id.* at 3.) As such, the

forum defendant rule precludes removal to federal court for lack of subject matter jurisdiction. Accordingly, the Motions to Remand [Docket 3] are **GRANTED**, and the above-styled cases are hereby remanded to the Circuit Court for Kanawha County, West Virginia.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, any unrepresented party, and the Clerk of Kanawha County Circuit Court.

ENTER: July 5, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE